

55 Broadway, 4th Floor Suite 427
New York, NY 10006
T: 212-363-7500
F: 212-363-7171
www.zlk.com

**Mark S. Reich**
mreich@zlk.com

July 6, 2023

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

    Re:    *Calise, et al. v. Meta Platforms, Inc.;* **9th Circuit Case No. 22-15910**
             **Submission of Supplemental Authority, FRAP 28(j); Circuit Rule 28-6**

To the Clerk of Court:

      Appellants submit this letter under Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 to inform the Court of a supplemental authority decided on June 23, 2023 (after Appellants filed their Reply Brief on May 5, 2023, Dkt. No. 32).

      In *Vargas et al v. Facebook, Inc.* ("Vargas"), No. 21-16499, 2023 U.S. App. LEXIS 15796 (9th Cir. June 23, 2023) (unpublished), the Ninth Circuit reversed a District Court decision immunizing Facebook from liability for its targeted advertising tools under Section 230 of the CDA on the ground that such tools were "neutral" because they did not mandate the "use of the discriminatory criteria." *Vargas v. Facebook, Inc.*, 2021 U.S. Dist. LEXIS 158259, at *12-13 (N.D. Cal. Aug. 20, 2021) (distinguishing *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157 (9th Cir. 2008) ("*Roommates*")).

      Citing its *Roommates* decision, the Ninth Circuit reversed, holding that based on Plaintiffs' allegations that Facebook was a "co-developer of content" [under Section 230(f)(3) of the CDA], it "contributed materially to the alleged illegality of the conduct" by offering tools to advertisers that "directly and easily allowed" them to discriminate against users (even if such tools did not require discriminatory choices). 2023 U.S. App. LEXIS 15796, at *7-9. The Ninth Circuit rejected Facebook's argument that the tools were "neutral" because they were offered to all advertisers. *Id.* at *10. In doing so, the Ninth Circuit observed that Facebook actively "promotes the effectiveness of its advertising tools specifically to housing advertisers," and held that "[a] patently discriminatory tool offered specifically and knowingly to housing advertisers does not become 'neutral' within the meaning of this doctrine simply because the tool is also offered to others." *Id.* at *10.[1]

---

[1] Here, Appellants alleged that Facebook actively promoted its targeted advertising tools to Chinese and other advertisers it knew or should have known were engaged in deceptive and fraudulent advertising. *See* ER-092-93 ¶¶ 42-46.

NEW YORK • WASHINGTON, D.C. • CONNECTICUT • CALIFORNIA

LEVI&KORSINSKYLLP

July 6, 2023
Page 2 of 2

      Appellants respectfully request that the Court consider *Vargas* – which supports and supplements the other authorities relied on by Appellants – and reverse the District Court's dismissal of Appellants' Complaint.

                            Respectfully submitted,

                            **LEVI & KORSINSKY, LLP**

                            */s/ Mark S. Reich*
                            Mark S. Reich

Word Count: 350 words (FRAP 28(j) and 9th Cir. R. 28-6)

Cc: All Counsel of Record (via ECF)