**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
gibsondunn.com

Rosemarie Ring
Direct: +1 415.393.8247
Fax: +1 415.801.7358
RRing@gibsondunn.com

July 18, 2023

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

Re:   *Calise v. Meta Platforms, Inc.*, No. 22-15910

Dear Ms. Dwyer:

Pursuant to FRAP 28(j), Meta submits this response to Plaintiffs' letter regarding *Vargas v. Facebook, Inc.*, 2023 WL 4145434 (9th Cir. June 23, 2023). Contrary to Plaintiffs' assertion, that case does not support reversing the district court's decision here.

The plaintiffs in *Vargas* alleged that "Facebook created an Ad Platform that [housing] advertisers could use to target advertisements to categories of users," including based on such protected characteristics as "sex, number of children, and location." *Id.* at *2. As the panel majority understood the plaintiffs' complaint, "[f]or some attributes, such as age and gender, Facebook *require[d]* users to supply the information," whereas for others, "Facebook applie[d] its own algorithms to its vast store of data to determine which categories apply to a particular user." *Id.* (emphasis added). The majority concluded that Facebook "'contribute[d] materially to the alleged illegality of the conduct,'" and thus was not entitled to the protection of Section 230, because it "created the categories, used its own methodologies to assign users to the categories, and provided simple drop-down menus and toggle buttons to allow housing advertisers to exclude protected categories of persons." *Id.* at *3 (quoting *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008) (en banc)).

Unlike in *Vargas*, where the majority concluded that the plaintiffs alleged that Facebook required users to supply (or else supplied on its own) the allegedly discriminatory content, Plaintiffs here *admit* that Meta had no such alleged involvement with the allegedly fraudulent content of third-party ads: "Appellants recognize that Meta did not require China-based scammers to post specific content. Appellants further recognize that it does not appear as though Meta made specific suggestions regarding the verbiage of the China-based scam ads." Opening Br. at 13. This is critical, because Section 230 protects websites from liability where they do not "require[] users to post specific content, ma[k]e suggestions regarding the content …, or contribute[] to making unlawful or objectionable [content]." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1099 (9th Cir. 2019). *Vargas* does not change this analysis.

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · San Francisco · Singapore · Washington, D.C.

**GIBSON DUNN**

July 18, 2023
Page 2

Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

<u>/s/ Rosemarie Ring</u>

Rosemarie Ring

*Attorneys for Defendant-Appellee META PLATFORMS, INC.*