**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
gibsondunn.com

Rosemarie Ring
Direct: +1 415.393.8247
Fax: +1 415.801.7358
RRing@gibsondunn.com

September 13, 2023

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

Re: *Calise v. Meta Platforms, Inc.*, No. 22-15910

Dear Ms. Dwyer:

Pursuant to FRAP 28(j), Meta submits as supplemental authority this Court's decision in *King v. Facebook, Inc.*, 2023 WL 5318464 (9th Cir. Aug. 18, 2023), which rejected the contention that contract claims are beyond Section 230's protection.

In *King*, the plaintiffs sued Facebook for damages arising from an account termination, "bringing emotional distress-based tort claims, contract-based claims, and a claim alleging violation of Section 230 of the Communications Decency Act." *Id.* at *1. On appeal, plaintiffs asserted that the district court improperly dismissed their contract-based claims because "*Barnes* [*v. Yahoo, Inc.*, 570 F.3d 1096 (9th Cir. 2009)] establishes a categorical rule that contract-based claims are never barred by Section 230(c)(1)." *Id.* at *2. This Court "disagree[d]," holding that "[t]he district court . . . properly concluded that King's breach of the implied covenant of good faith and fair dealing claim relating to her account termination was foreclosed by" Section 230. *Id.* In doing so, the Court clarified that "[t]he specific promise to take down explicit content at issue in *Barnes* does not compare to the general promise made by Facebook, and incorporated into its TOS, to use 'good faith' or make an 'honest' determination before deciding to exercise publishing or editorial discretion." *Id.*; *see King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 795 (N.D. Cal. 2021) ("In the Terms of Service, Facebook simply stated that it would use its discretion to determine whether an account should be disabled based on certain standards.").

As in *King*, Plaintiffs here contend that the district court improperly dismissed their contract claims because "a theory of liability stemming from contracts [i]s outside the scope of" Section 230. Dkt. 12 at 28 (citing *Barnes*, 570 F.3d at 1107). But also as in *King*, Plaintiffs do not allege a breach of any specific promise by Meta, but rather of general promises in Meta's TOS to "detect misuse of [its] Products" and "take appropriate action" if it learns of misuse—including "removing content, removing or restricting access to certain features, [or] disabling an account." ER-119–20. Under *King*, such claims fall squarely within Section 230's protection.

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · San Francisco · Singapore · Washington, D.C.

# GIBSON DUNN

September 13, 2023
Page 2

Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Rosemarie Ring*

Rosemarie Ring

*Attorneys for Defendant-Appellee META PLATFORMS, INC.*

# Exhibit A

Case: 22-15910, 09/13/2023, ID: 12791576, DktEntry: 46, Page 4 of 5

King v. Facebook, Inc., Not Reported in Fed. Rptr. (2023)
2023 WL 5318464

2023 WL 5318464
Only the Westlaw citation is currently available.
United States Court of Appeals, Ninth Circuit.

Adrienne Sepaniak KING; Christopher Edward Sepaniak King, Plaintiffs-Appellants,

v.

FACEBOOK, INC., a Delaware corporation, Defendant-Appellee.

No. 22-15602
|
Submitted August 16, 2023[*] San Francisco, California
|
FILED AUGUST 18, 2023

[*] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Appeal from the United States District Court for the Northern District of California, Edward M. Chen, District Judge, Presiding, D.C. No. 3:21-cv-04573-EMC

**Attorneys and Law Firms**

Samuel P. King, Jr., King and King, Attorneys at Law, Honolulu, HI, for Plaintiffs-Appellants.

Abigail Colella, Eric Shumsky, Orrick, Herrington & Sutcliffe, LLP, Washington, DC, Jacob M. Heath, Orrick Herrington & Sutcliffe, LLP, Menlo Park, CA, Michelle L. Visser, Orrick Herrington & Sutcliffe, LLP, San Francisco, CA, for Defendant-Appellee.

Before: CALLAHAN, BADE, and BRESS, Circuit Judges.

MEMORANDUM[**]

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**\*1** Plaintiff-Appellant Adrienne King (King) was a Facebook user whose account was permanently disabled for failing to follow Facebook's "Community Standards." King's son, Plaintiff-Appellant Christopher King, a computer engineer, attempted to help get her account reinstated, but was unsuccessful. Appellants, both citizens of Hawaii, sued Facebook, Inc. (Facebook)[1] in the Northern District of California, bringing emotional distress-based tort claims, contract-based claims, and a claim alleging violation of Section 230 of the Communications Decency Act (CDA), 47 U.S.C. § 230 et seq. The district court dismissed Appellants' First Amended Complaint (FAC), almost in its entirety with prejudice, but granted King leave to amend her cause of action for breach of the implied covenant of good faith and fair dealing as it related to Facebook's alleged failure to provide her with an explanation for disabling her account.

[1] On October 28, 2021, Facebook changed its name to Meta Platforms, Inc. Because the parties' briefing and the district court orders still refer to Defendant-Appellee as "Facebook," we do the same to avoid confusion.

After King filed her Second Amended Complaint (SAC), the district court granted Facebook's motion to dismiss, holding that King had failed to articulate a cognizable damages theory relating to the loss of the photos on her account because (1) her damages were not proximately caused by the alleged misconduct by Facebook, (2) the type of damages she sought —special damages—were expressly barred by Facebook's Terms of Service (TOS), and (3) the photos did not hold any ascertainable economic value. The district court held that because King could not establish a cognizable damages theory, it was a "legal certainty" that she could not establish the requisite amount in controversy to maintain diversity jurisdiction. Accordingly, the district court dismissed the action for lack of subject-matter jurisdiction and declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Appellants timely appeal the dismissal of their action.

We have jurisdiction under 28 U.S.C. § 1291 and review de novo dismissals for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (citation omitted). We affirm.

1. King's CDA theory is foreclosed by existing authority. *See, e.g., Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009).[2] And as the district court correctly explained, there is no private right of action under the CDA. A private right of action to enforce federal law "must be created by Congress," and without a statutory manifestation of congressional intent, "a [private] cause of action does not exist and courts may not create one." *Alexander v. Sandoval*, 532 U.S. 275, 286–87

(2001). King does not contest this on appeal, and thus waives any challenge to it. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief results in waiver).

2   Appellants' motion for initial *en banc* review of this case is **DENIED** without prejudice to appellants seeking *en banc* review in the normal course.

**\*2** 2. The district court also properly concluded that King's breach of the implied covenant of good faith and fair dealing claim relating to her account termination was foreclosed by *Barnes*. King contends that *Barnes* establishes a categorical rule that contract-based claims are never barred by Section 230(c)(1). We disagree. The specific promise to take down explicit content at issue in *Barnes* does not compare to the general promise made by Facebook, and incorporated into its TOS, to use "good faith" or make an "honest" determination before deciding to exercise publishing or editorial discretion. *See* 570 F.3d at 1105, 1107–09. Regardless, the district court properly determined that King had not alleged cognizable damages relating to her account determination.

3. The district court did not err in dismissing the SAC for lack of subject-matter jurisdiction because it was a "legal certainty" that King could not establish the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332(a)(1). The district court identified several deficiencies with King's damages theory, each of which are independently fatal to her claim, including as it relates to Facebook allegedly failing to provide her with an explanation for terminating her account. King does not address the district court's holding that she is seeking special damages as opposed to general damages. Nor does she address the district court's conclusion that Facebook's TOS expressly bars recovery for such damages.

4. The district court did not err in dismissing Appellants' claims of intentional and negligent infliction of emotional distress. Appellants argue in conclusory fashion that Facebook's conduct was "outrageous" and that it "went out of its way to be malicious," but the district court was not required to accept such conclusory allegations as a matter of law. *See Berkley v. Dowds*, 61 Cal. Rptr. 3d 304, 317 (Cal. Ct. App. 2007) ("Whether a defendant's conduct can reasonably be found to be outrageous is a question of law that must initially be determined by the court.").

**AFFIRMED.**

**All Citations**

Not Reported in Fed. Rptr., 2023 WL 5318464

End of Document   © 2023 Thomson Reuters. No claim to original U.S. Government Works.