**No. 22-15910**

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

CHRISTOPHER CALISE AND ANASTASIA GROSCHEN,
*Plaintiffs-Appellants*,

v.

META PLATFORMS, INC. (F/K/A FACEBOOK, INC.)
*Defendant-Appellee*.

On Appeal from the United States District Court
for the Northern District of California
No. 4:21-cv-06186
Hon. Jeffrey S. White

---

## PLAINTIFFS-APPELLANTS' RESPONSE TO
## PETITION FOR PANEL REHEARING

---

Mark S. Reich
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Email: mreich@zlk.com

*Attorney for Plaintiffs-Appellants
Christopher Calise and Anastasia
Groschen*

# **TABLE OF CONTENTS**

ARGUMENT ...................................................................................................1

CONCLUSION ...............................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Calise v. Meta Platforms, Inc.*,
  103 F.4th 732 (9th Cir. 2024) ...............................................................2, 3

*Doe v. Internet Brands, Inc.*,
  824 F.3d 846 (9th Cir. 2016) ...............................................................2, 3

*HomeAway.com, Inc. v. City of Santa Monica*,
  918 F.3d 676 (9th Cir. 2019) ...................................................................2

*Meyer v. U.S. Bank N.A.*,
  No. 2:14-cv-00297, 2015 U.S. Dist. LEXIS 77235 (W.D. Wash. June 9, 2015)...1

*In re Facebook Simulated Casino-Style Games Litig.*,
  No. 22-16888, 2024 U.S. App. LEXIS 12163 (9th Cir. May 21, 2024) ...............3

*Yankton Sioux Tribe v. Podhradsky*,
  606 F.3d 985 (8th Cir. 2010) ...................................................................1

**Rules**

Fed. R. App. P. 40(a)(2)............................................................................1

Plaintiffs-Appellants Christopher Calise and Anastasia Groschen ("Appellants") respectfully submit this response to Defendant-Appellee Meta Platforms, Inc.'s (f/k/a Facebook, Inc.) ("Appellee" or "Meta") Petition for Panel Rehearing.[1]

## ARGUMENT

Meta's petition for rehearing misapplies Rule 40(a)(2) of the Federal Rules of Appellate Procedure. That Rule provides that a "petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." Fed. R. App. P. 40(a)(2).

Courts have attributed a narrow purpose to Rule 40(a)(2)—to "'direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, *would probably have brought about a different result.*'" *Meyer v. U.S. Bank N.A.*, No. 2:14-cv-00297, 2015 U.S. Dist. LEXIS 77235, at *2-3 (W.D. Wash. June 9, 2015) (emphasis added) (quoting *Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 985, 990 (8th Cir. 2010)).

Meta fails to show that the factual references it seeks to have corrected would bring about a different result. To the contrary, Meta readily admits that the corrections it seeks "*will not affect the ultimate outcome of the panel opinion.*"

---

[1] All emphasis in quoted language is added, unless otherwise noted.

1

(Petition at 3) (emphasis added); *see also* Petition at 12 (requested corrections "will not affect the panel opinion's disposition of this appeal."). Thus, Rule 40(a)(2) does not apply, and there is no legal basis for Meta's request.

Moreover, even if it were appropriate to use Rule 40(a)(2) to correct purportedly inaccurate factual references that do not change the outcome, Meta is seeking far more than that. Under the guise of protecting lower courts from confusion, Meta seeks an advisory opinion from this Court narrowly construing the holdings in *Doe v. Internet Brands, Inc*., 824 F.3d 846 (9th Cir. 2016) and *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676 (9th Cir. 2019). As Meta self-servingly warns, the Court's dicta "could confuse lower courts by ***suggesting a significantly narrower scope of protection under Section 230 than is supported by this Court's actual precedents***." (Petition at 5) (emphasis added). Meta, not surprisingly, seeks an advisory opinion narrowly construing those two decisions in a manner that would benefit itself through the expansion of what is already a broadly construed protection available under Section 230. *See Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 747 (9th Cir. 2024) (Nelson, J., concurring) ("Our precedent . . . has expanded §230(c)'s scope to provide functional immunity to internet companies, even when they are (or should we be aware) of unlawful content on their websites . . ." and "when an internet company has an economic incentive to permit unlawful content . . . it seems to encourage . . . willful blindness").

For example, Meta expresses concern that the Court's interpretation of *Internet Brands* might make it easier to plead a "failure to warn" claim. (Petition at 8). But as Meta admits, there is as of yet no duty-to-warn claim in this case. (Petition at 9). Thus, it is premature for the Court to wade into the question of how broadly or narrowly to apply *Internet Brands* to a duty-to-warn claim. *See In re Facebook Simulated Casino-Style Games Litig.*, No. 22-16888, 2024 U.S. App. LEXIS 12163, at *23 (9th Cir. May 21, 2024) ("Were we to rule on the merits of the district court's dismissal of certain theories of liability [under Section 230], as the parties ask us to do, we would be issuing an advisory opinion . . . the prohibition against advisory opinions . . . is the oldest and most consistent thread in the federal law of justiciability.").[2]

---

[2] Meta moves to correct supposed factual errors in this Court's decision, *Calise v. Meta Platforms, Inc.* 103 F.4th 732 (9th Cir. 2024), which analyzed the *Doe v. Internet Brands* case, claiming: 1) *Internet Brands* involved no allegations of criminals using the website to send or post content/messages (Petition at 6); and, 2) the duty to warn arose from information gained entirely outside of the website (Petition at 6-7). However, *Internet Brands* involved a dispute as to whether or not messages were sent between the criminals and victims using the website, 824 F. at 849, and, without resolving that dispute, the Court in *Internet Brands* found the distinction between using or not using the website to send messages had no impact on the conclusion (824 F. at 849 fn. 2). In addition, there was no clear source of where defendant in *Internet Brands* obtained its knowledge as to the criminal activity, and the court did not condition its conclusion on the truth of the Court's inference that the information was found outside of the website. *See* 824 F.3d at 848-49 ("It is not alleged precisely how Internet Brands obtained" information about the criminal scheme, just that it became aware shortly after its purchase of Model Mayhem in 2008).

Likewise, Meta expresses concern that the Court's "seeming elevation of the dicta in *HomeAway.com* into a holding at odds with Section 230's plain text risks confusing lower courts and withdrawing Section 230's protections in cases that clearly treat websites as publishers or speakers of third-party content, even though they do not 'necessarily' require websites to actively monitor that content." (Petition at 12). Once again, Meta's concerns about *Homeaway.com*'s scope are merely hypothetical until such time as that scope is squarely placed before the Court in the context of a dismissed claim premised on the holding in *Homeaway.com*.

## CONCLUSION

For the reasons above, the Court should deny Meta's petition both as contrary to the narrow purpose of Rule 40(a)(2), and as an improper request for an advisory opinion on the scope of *Internet Brands* and *Homeaway.com*.

Date: July 29, 2024                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Mark S. Reich*
Mark S. Reich

*Attorney for Plaintiffs-Appellants*
*Christopher Calise and Anastasia Groschen*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form11instructions.pdf

**9th Cir. Case Number(s)** | 22-15910

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for

panel rehearing/petition for rehearing en banc/response to petition is (*select one*):

○ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words**: [                ].

*(Petitions and responses must not exceed 4,200 words)*

**OR**

◉ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** | /s/ Mark S. Reich        **Date** | Jul 29, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 11**                                                              *Rev. 12/01/2021*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing Plaintiffs-Appellants'

Response to Request for Panel Rehearing to be filed using the Court's CM/ECF

system on July 29, 2024. All counsel for parties to the case are ECF users.

Date: July 29, 2024                    */s/ Mark S. Reich*

                                                    Mark S. Reich