No. 22-15910

Decided on June 4, 2024, by
Siler, J. (6th Cir.), Nguyen, J., and Nelson, J. (concurring)

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

CHRISTOPHER CALISE and ANASTASIA GROSCHEN,

*Plaintiffs-Appellants,*

*v.*

META PLATFORMS, INC.,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
Case No. 4:21-cv-06186
The Honorable Jeffrey S. White

**META PLATFORMS, INC.'S
REPLY BRIEF IN SUPPORT OF PETITION FOR PANEL REHEARING**

ROSEMARIE RING
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105
415.393.8247

THEODORE J. BOUTROUS, JR.
CHRISTOPHER CHORBA
SAMUEL ECKMAN
JEREMY WEESE
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
213.229.7000

*Attorneys for Defendant-Appellee
META PLATFORMS, INC.*

3

## TABLE OF CONTENTS

Page

REPLY IN SUPPORT OF PETITION FOR PANEL REHEARING ...................... 6
CERTIFICATE OF COMPLIANCE .................................................................. 10
CERTIFICATE OF SERVICE ........................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Carney v. Adams*,
  592 U.S. 53 (2020) ..................................................................................... 7

*Center for Biological Diversity v. United States Forest Serv.*,
  925 F.3d 1041 (9th Cir. 2019) .................................................................... 7

*Doe v. Internet Brands, Inc.*,
  824 F.3d 846 (9th Cir. 2016) ............................................................... 7, 8, 9

*HomeAway.com, Inc. v. City of Santa Monica*,
  918 F.3d 676 (9th Cir. 2019) ............................................................... 7, 8, 9

*Meyer v. U.S. Bank Nat'l Ass'n*,
  2015 WL 3609238 (W.D. Wash. June 9, 2015) ......................................... 6

**Rules**

Fed. R. App. P. 40(a)(2) ..................................................................................... 6

Fed. R. Bankr. P. 8022 ....................................................................................... 6

**REPLY BRIEF IN SUPPORT OF PETITION FOR PANEL REHEARING**

Plaintiffs do not meaningfully dispute that the panel opinion "overlooked or misapprehended" multiple "point[s] of law or fact." Fed. R. App. P. 40(a)(2). Nevertheless, they advance two arguments for denying limited panel rehearing to correct those errors. Those arguments are not only unpersuasive, but they fundamentally misunderstand the law governing this Court's authority to grant rehearing and amend its own opinions.

*First,* Plaintiffs assert that the petition for rehearing "misapplies Rule 40(a)(2) of the Federal Rules of Appellate Procedure." Dkt. 58 at 1. They do not dispute that the petition "state[s] with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended," Fed. R. App. P. 40(a)(2), which is all that the text of that provision requires. Instead, Plaintiffs claim that courts have imposed an *additional* requirement—that a proper consideration of the law or facts "*would probably have brought about a different result.*" Dkt. 58 at 1 (emphasis original). But the only authority they cite for this extratextual requirement is a district court case that interpreted the standard for rehearing under Rule 8022 of the Federal Rules of Bankruptcy Procedure. *See Meyer v. U.S. Bank Nat'l Ass'n*, 2015 WL 3609238, at *1 (W.D. Wash. June 9, 2015) ("Pursuant to Rule 8022 of the Federal Rules of Bankruptcy Procedure, the Meyers move the Court for a rehearing on its decision issued April 10, 2015,

6

reversing the Bankruptcy Court's post-trial Order and Judgment."). That decision is not only nonbinding, but irrelevant.

*Second,* Plaintiffs accuse Meta of "seek[ing] an advisory opinion from this Court narrowly construing the holdings in *Doe v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016) and *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676 (9th Cir. 2019)." Dkt. 58 at 2. But an advisory opinion is not one that merely opines on non-dispositive or "hypothetical" matters, as Plaintiffs contend. *Id.* at 4. Nearly all opinions contain such dicta. Rather, an advisory opinion is one that does not resolve a live dispute between the parties. "Federal courts are constitutionally prohibited from issuing advisory opinions by the case-or-controversy requirement," *Advisory Opinion*, Black's Law Dictionary 1265 (10th ed. 2024), and it is "the require[ment] that a case embody a genuine, live dispute between adverse parties" that "prevent[s] the federal courts from issuing advisory opinions," *Carney v. Adams*, 592 U.S. 53, 58 (2020).

Thus, this Court has held that to present a justiciable dispute rather than a request for an advisory opinion a case must satisfy two requirements: "First, the case must present an honest and actual antagonistic assertion of rights by one party against another. Second, the court must be empowered to issue a decision that serves as more than an advisement or recommendation." *Center for Biological Diversity v. United States Forest Serv.*, 925 F.3d 1041, 1047–48 (9th Cir. 2019)

7

(cleaned up). Because both requirements are satisfied here, an amended opinion would be no more "advisory" than the current panel opinion.

The closest Plaintiffs come to discussing the merits of Meta's petition for panel rehearing is a single footnote in which they take issue with *Meta's* description of *Internet Brands* (but not *HomeAway.com*). *See* Dkt. 58 at 3 n.2. These efforts fall short of the mark. *Compare id.* ("*Internet Brands* involved a dispute as to whether or not messages were sent between the criminals and victims using the website."), *with Internet Brands*, 824 F.3d at 852 ("[T]here is no allegation that Model Mayhem transmitted any potentially harmful messages between Jane Doe and [the perpetrators]."). But this is ultimately beside the point. Nowhere do Plaintiffs suggest that the *panel opinion's* description of that case was correct.

Nor could they. As detailed in Meta's petition, the panel opinion repeatedly suggests that *Internet Brands* turned on third-party content posted to its website. *See, e.g.*, Op. at 20 ("This factual situation resembles *Internet Brands*, in which the defendant knew certain perpetrators were posting content on its website to lure and rape women."); *id.* ("In *Internet Brands*, the platform faced liability not because it failed to remove the ads, but because it failed to warn about their content."). But the panel that issued the *Internet Brands* decision went out of its way to make clear that the plaintiff's "failure to warn claim ha[d] nothing to do with Internet Brands'

8

efforts, or lack thereof, to edit, monitor or remove user-generated content." 824 F.3d at 852. The panel's dicta in this case thus extends beyond the clear lines delineated by *Internet Brands* and runs counter to the many courts that have found failure-to-warn claims premised on third-party content to be precluded by Section 230. *See* Dkt. 56 at 8–9 (collecting cases). If left uncorrected, these and the other misstatements contained in the panel opinion will muddle this Court's jurisprudence unnecessarily.

For these reasons, and those provided in Meta's petition, the Court should grant limited panel rehearing and correct the panel opinion's erroneous descriptions of *Internet Brands* and *HomeAway.com*.

Dated: August 5, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Theodore J. Boutrous, Jr.*
    Theodore J. Boutrous, Jr.

*Attorneys for Defendant-Appellee*
*META PLATFORMS, INC.*

9

## CERTIFICATE OF COMPLIANCE

The Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 135 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f)

The Reply Brief complies with the type-volume limitation of Circuit Rules 35-4 and 40-1(a) because it contains 831 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

The Motion and Reply Brief comply with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because they have been prepared in 14-point Times New Roman type.

Dated: August 5, 2024 /s/ *Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.

## CERTIFICATE OF SERVICE

Under Federal Rule of Appellate Procedure 25(d), I certify that on this fifth day of August 2024, the foregoing Motion and Reply Brief were electronically filed with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system. Service was accomplished on all registered CM/ECF users.

Dated: August 5, 2024                    /s/ *Theodore J. Boutrous, Jr.*
                                                                  Theodore J. Boutrous